UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:12-CR-067 JD |
| ) | |
| OMAR DURAN LAGUNES (01) ) | |
| MARGARITO FUENTES REYES (02) ) | |
| LUIS OMAR MONTES MERINO (04) ) | |
| YALITZA EXCLUSA BORRERO (05) ) | |
| EVELYN RIVERA BORRERO (06) ) | |

**<u>Order</u>**

On January 11, 2013, defendant Luis Omar Montes Merino filed a motion in limine seeking to prohibit the government from mentioning, introducing, or displaying evidence of a gun and a Social Security card in Mr. Merino's name seized during a search of his home on May 10, 2011, under Federal Rule of Evidence 403 because any probative value of these items would be substantially outweighed by the risk of unfair prejudice [DE 181]. The government has responded that it has no intention of introducing the gun or any photograph of the gun, unless circumstances change [DE 185]. It will, however, seek admission of the social security card to link Mr. Merino to the location where other items were found, which will, in turn, link the defendant to the conspiracy. Defendant Omar Duran Lagunes has filed a response in which he joins the motion, offers to stipulate to the connection between Merino and the location, and requests a limiting instruction if the Court does admit the evidence [DE 190].

With respect to the request to exclude the gun, the Court finds that the motion is moot because the government does not intend to introduce the gun and any reference to it. If circumstances change and the government decides it wishes to introduce evidence of the gun, however, it must first indicate its intention outside the presence of the jury to permit Mr. Merino to

renew his objection. With respect to the social security card, the Court will deny the motion. Evidence is only excluded under Rule 403 "if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403; *see United States v. Boros*, 668 F.3d 901, 909 (7th Cir. 2012) ("The amount of prejudice that is acceptable varies according to the amount of probative value the evidence possesses."). As the government points out, the social security card in Mr. Merino's name links him to the location and the evidence recovered there—depending on whether there is other evidence of that link, the social security card would be quite probative. And without indication that the card was fictitious, the mere presence of that social security card does not create the kind of prejudice contemplated by 403. Defendant Duran Lagunes offers to stipulate to Mr. Merino's connection to the location, but he has no apparent authority to do so. Therefore, the Court will permit the government to introduce the card for the limited purpose of establishing a link between Mr. Merino and the location of the search warrant. The government shall, however, refrain from submitting evidence that the social security card was fictitious until presenting further argument during the course of the trial regarding the probative value of such evidence and its prejudicial effect. Until then, it is unclear to the Court why the requested limiting instruction is necessary under the parameters of Fed. R. Evid. 105.

For these reasons, the Court **DISMISSES AS MOOT**, in part, and **DENIES**, in part, defendant Luis Omar Montes Merino's Motion in Limine [DE 181].

SO ORDERED.

ENTERED:  January 12, 2013

/s/ JON E. DEGUILIO
Judge
United States District Court